IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JEFFREY BEST and JULIE BEST** § | | **PLAINTIFFS** |
| § | | |
| v. § | **CIVIL ACTION NO. 1:07CV663-LG-JMR** | |
| § | | |
| **JOHN J. ALBRITTON and LOUIS A.** § | | |
| **MANITTA dba MANITTA &** § | | |
| **ALBRITTON CONSTRUCTION** § | | |
| **& DEVELOPMENT CO., and LEWIS** § | | |
| **SHALLCROSS dba LPS CONTRACTORS** § | | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER GRANTING
## PLAINTIFFS' MOTION TO REMAND

**THIS MATTER IS BEFORE THE COURT** on the Motion to Remand [4] filed by Plaintiffs, Jeffrey Best and Julie Best. The Court finds that Defendant has failed to meet its burden of demonstrating that complete diversity of citizenship exists in this matter. Therefore, Plaintiffs' Motion to Remand is granted.

### DISCUSSION

On March 23, 2007, Plaintiffs filed this lawsuit in the Circuit Court of Hancock County, Mississippi, against John J. Albritton and Louis A. Manitta, d/b/a Manitta & Albritton Construction & Development Co., and Lewis Shallcross, d/b/a LPS Contractors, alleging breach of contract, breach of warranty, negligence, and other claims related to the rebuilding of Plaintiffs' home following Hurricane Katrina. Plaintiffs seek $55,000 in compensatory damages in addition to punitive damages and special damages to be demonstrated at trial. Defendant John J. Albritton removed the case to this Court on May 25, 2007. A clerk's entry of default has been entered against Defendant Louis Manitta. On June 28, 2007, Plaintiffs filed a Motion to Remand. Lewis Shallcross joined in the removal on July 24, 2007.

Plaintiffs argue that there are several procedural defects in the removal.  First, the Notice of Removal was not filed within thirty days after the first defendant was served with process.  *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir. 1988) (holding that the thirty-day period for removal begins when the first defendant is served with process).  Second, Shallcross and Manitta did not join in the removal within thirty days after the first defendant was served with process.  *Getty Oil Corp.*, 841 F.2d at 1263 (holding that all served defendants must join in the removal within thirty days after the first defendant is served with process).  Third, Albritton is potentially domiciled in Mississippi.  *See* 28 U.S.C. §1441(b).  However, Plaintiffs waived these procedural defects since they did not file a Motion to Remand within thirty days after the defective removal.  *See Schexnayder v. Entergy La., Inc.*, 394 F.3d 280, 284 (5th Cir. 2004) ("[A] motion for remand based on procedural defects that is brought more than 30 days after the removal of the action, is outside of the district court's power to grant."); *Denman by Denman v. Snapper Div.*, 131 F.3d 546, 548 (5th Cir. 1998) (explaining that the presence of an in-state defendant is a procedural defect that is waived unless raised within thirty days of removal).

"Once a procedural defect in the removal process has been waived, the only question for the district court is whether it 'would have had jurisdiction of the case had it been filed in that court.'"  *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 457 (5th Cir. 1998) (quoting *Lirette v. N.L. Sperry Sun, Inc.*, 820 F.2d 116, 117 (5th Cir. 1987)).  The district courts have original jurisdiction of all civil actions between citizens of different states in which the amount in controversy exceeds $75,000.  28 U.S.C. §1332.  A litigant's citizenship is synonymous with his state of domicile.  *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 798 (5th

Cir. 2007). Domicile is composed of two factors: residence and the intention to remain. *Preston*, 485 F.3d at 798. In determining a litigant's residency, the court must consider many factors, including the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family. *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996).

Plaintiffs argue that complete diversity of citizenship does not exist because Plaintiffs and Defendant Manitta are residents of the state of Florida. Albritton counters that diversity of citizenship exists since Manitta is a resident of Kentucky. "The party invoking federal jurisdiction bears the burden of proof if diversity is challenged." *Teal Energy USA, Inc. v. GT, Inc.*, 369 F.3d 873, 878 n.16 (5th Cir. 2004) (quoting *Village Fair Shopping Ctr. Co. v. Sam Broadhead Trust*, 588 F.2d 431, 433 (5th Cir. 1979)). Therefore, Albritton has the burden of demonstrating that Manitta is a citizen of a state other than the state of Florida. Albritton has not submitted any evidence in support of his assertion that Manitta is a resident of Kentucky or any other state, aside from the assertion that Manitta was served with process in the State of Kentucky. Albritton and his attorney concede that they are unable to locate Manitta, and a clerk's entry of default has been entered against Manitta.[1] (Defs.' Mot. to Set Aside Clerk's Entry of Default at 1). With no information or evidence concerning the residency of Manitta or his intent to remain in any particular state, this Court cannot determine his citizenship, and cannot determine whether diversity of citizenship exists in this matter. Therefore, Plaintiffs' Motion to

---

[1] Albritton's attorney has attempted to enter an appearance on behalf of Manitta, and has moved to set aside the clerk's entry of default. However, Albritton's attorney has not been in contact with Manitta since this lawsuit was filed. (Defs.' Mot. to Set Aside Clerk's Entry of Default).

Remand must be granted. *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) ("The removal statute is therefore to be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.").

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiffs' Motion to Remand is **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that pursuant to 28 U.S.C. § 1447(c), the Clerk of Court shall immediately mail a certified copy of this Order the clerk of the State court.

**SO ORDERED AND ADJUDGED** this the 2nd day of August, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE